**O'Neal v. Aetna, Inc.**

*Michael J. Rutenberg* and *Kenneth A. Sandler,* for appellant.

*Justin R. Miller,* for appellees.

PANEPINTO, *J.,* March 17, 2011— This is an appeal from an order entered by this court on December 14, 2010 in which the court sustained the preliminary objections to the complaint filed by defendants AETNA, Inc. and AETNA Rx Home Delivery, LLC (together, "defendants") and dismissed the complaint.

## FACTUAL AND PROCEDURAL HISTORY

On December 30, 2009, plaintiff Bonnie Lee O'Neal ("plaintiff") commenced the underlying action by praecipe to issue writ of summons. Eventually, plaintiff filed a complaint on May 6, 2010.

Plaintiff alleged in her complaint that during the period between August 2005 and September 2005, she had contacted duly authorized agents and/or representatives of defendant AETNA, Inc. in order to discuss enrolling in its Medicare Advantage health insurance plan, including prescription drug coverage, for the term beginning January 1, 2006. Plaintiff specifically inquired as to whether certain of her prescription medications, including inter alia Tranxene T-Tab 7.5 milligram, which she had been prescribed, would be covered under the plan(s). AETNA, Inc.'s agents and/or representatives allegedly confirmed on several occasions that the aforementioned medications would be covered under the prescription drug plan that would go into effect on January 1, 2006. Plaintiff was also informed that she could obtain the medication through defendant AETNA Rx Home Delivery, LLC ("AETNA Rx"). Agents and/or representatives of AETNA Rx thereafter allegedly confirmed these details and told plaintiff that she would only be responsible for a co-pay. Plaintiff made known to the agents and/or representatives of defendants that an important if not decisive factor in her decision whether to enroll in the health insurance plan would be its inclusion of the aforementioned medication in its coverage. By and through their promises, defendants reasonably expected to induce plaintiff to forbear from enrolling in any other company's or corporation's health insurance and drug prescription plan. Plaintiff thereafter

did in fact enroll in defendants' plan on September 13, 2005.

On December 22, 2005, plaintiff spoke with an agent of AETNA, Inc. because she wanted to be certain that she would be receiving her medication shortly after the New Year. The agent affirmed that plaintiff's order was ready to be shipped, and that she should not purchase the same until then as the cost under her plan beginning January 1, 2005 would be much less.

In a letter dated January 1, 2006, defendant AETNA, Inc. advised plaintiff for the first time that her request for authorization for coverage of the medication was denied, because it was contractually excluded form the member's pharmacy benefit. Plaintiff received a similar letter from defendant AETNA Rx on January 5, 2006. Plaintiff therefore was forced to contact several local pharmacies to otherwise obtain a supply of the medication. When plaintiff sought to enroll in another prescription drug plan that would offer full or partial coverage of her medication, defendant AETNA, Inc. refused to allow her to cancel her policy and enroll in another plan.

The complaint is in the following counts: (I) detrimental reliance; and (II) breach of contract.

On May 28, 2010, defendants filed preliminary objections to the complaint. Defendants argued that this court lacked jurisdiction over the action because plaintiff should have pursued her remedies under the Medicare Act. Additionally, defendants argued that the complaint, inter alia, failed to plead claims in separate counts; failed to set forth material facts; failed to attach agreements and

writings; and failed to identify whether the agreement was oral or written.

On December 14, 2010, this court sustained the preliminary objections and dismissed the complaint. This appeal followed.

## ALLEGATIONS OF ERROR

Pursuant to Pa.R.A.P. 1925(b), the appellant has filed a statement of matters complained of on appeal. This statement of matters is as follows:

1. The trial court erred in sustaining the defendants' preliminary objections and dismissing the complaint in its entirety.

2. The trial court erred in sustaining the defendants' preliminary objections and dismissing the complaint, because the trial court did not lack subject matter jurisdiction over the action.

## DISCUSSION

The Medicare Act, Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C.S. §1395 et seq., authorizes the Secretary of Health and Human Services to determine what claims are covered by the Act in accordance with the regulations prescribed by him. 42 U.S.C.S. §1395ff(a). Judicial review in federal district court of claims arising under the Medicare Act is available only after the Secretary of Health and Human Services renders a "final decision" on the claim, in the same manner as is provided in 42 U.S.C.S. §405(g) for old age and disability claims arising under Title II of the Social Security Act, specifically 42 U.S.C.S. §1395ff(b)(1)(C).

The United States Supreme Court has previously held that a "final decision" is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative review. *Heckler v. Ringer*, 466 U.S. 602 (1984).

First, the Medicare Act authorizes the Secretary of Health and Human Services to enter into contracts with fiscal intermediaries providing that the latter will determine whether a particular medical service is covered by Part A, and if so, the amount of the reimbursable expense for that service. 42 U.S.C.S. §1395h. If denial of the claim is affirmed after reconsideration and if the claim exceeds $100, the claimant is entitled to a hearing before an administrative law judge in the same manner as is provided for claimants under Title II of the Social Security Act. *Heckler*, 466 U.S. at 606. If the claim is again denied, the claimant may seek review in an appeals council. If the appeals council also denies the claim and if the claim exceeds $1,000, only then may the claimant seek judicial review in federal district court. *Id.* at 606-607.

The third sentence of 42 U.S.C.S. §405(h), made applicable to the Medicare Act by 42 U.S.C.S. §1395ii, provides that §405(g) is the sole avenue for judicial review for all "claims arising under" the Medicare Act. The Supreme Court has further construed this "claim arising under" language quite broadly to include any claims in which both the standing and the substantive basis for the presentation of the claims is the Social Security Act. *Heckler*, 466 U.S. at 608. To be sure, certain Medicare-related claims may be wholly collateral to claims for benefits and therefore would not be barred from federal

courts pursuant to §405(h). However, a party cannot avoid the Medicare Act's jurisdictional bar simply by styling its attack as a claim for collateral damages instead of a challenge to the denial of benefits. *Bodimetric Health Services, Inc. v. AETNA Life & Casualty*, 903 F.2d 480 (7th Cir. 1990). If litigants could routinely obtain judicial review of denials of benefits by re-characterizing their claims under state and federal causes of action, the Medicare Act's goal of limited judicial review for a substantial number of claims would be severely undermined. *Id.* at 487.

In this case, plaintiff is a Medicare beneficiary. Plaintiff's claims pertain to defendants' denial of coverage of a prescription drug called Tranxene T-Tab 7.5 milligram, a benzodiazepine excluded from coverage under the Medicare Act. The complaint brought by plaintiff does not specifically state what the causes of action are, but this court interpreted the allegations to consist of breach of contract and equity claims related to defendants' representatives' earlier assurances that the drug would be covered and defendants' subsequent denial of coverage for the drug. This court determined that these claims arise under the Medicare Act, insofar as the alleged actionable conduct pertained to defendants' failure to provide the requested prescription drug. This court further determined that plaintiff had full and adequate remedies available to her, in the administrative review procedure and in the federal courts, as set forth in the Medicare Act.

## CONCLUSION

Accordingly, for the aforementioned reasons, this appeal should be denied.